JL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Jorge Inurrieta Martinez,

Petitioner,

v.

Merrick Garland, et al.,

Respondents.

No. CV-26-04537-PHX-SMB

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 on June 29, 2026, challenging his immigration detention. (Doc. 1.) Pursuant to General Order 26-09, the Court electronically served the Petition on Respondents and issued the Standard Scheduling Order, which required Respondents to respond to the Petition within seven days. (Docs. 3, 4.) Respondents' response deadline was July 6, 2026, but no response was filed.

In the Petition, Petitioner seeks release from custody or an immediate individualized bond hearing where the Government bears the burden of proving by clear and convincing evidence that Petitioner is a danger or flight risk. Because Respondents failed to respond to the Petition, the Court finds Respondents have waived any defense to the Petition. *See N-E-M-B v. Wamsley*, No. 25-cv-00989-SI, 2025 WL 3527111, at *7 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. LaRose*, No. CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because "[b]y failing to respond to the claims

actually asserted, Respondents have conceded the claims."); *cf. Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment.").

The Court will direct that Petitioner be provided a bond hearing that complies with the procedural requirements set out in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** to the extent it seeks a bond redetermination hearing. The Petition is otherwise **denied**.

**IT IS FURTHER ORDERED** Respondents must provide Petitioner a bond redetermination hearing that complies with the procedural requirements set out in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), at which the Government bears the burden of proof by clear and convincing evidence, within **seven (7) days** of the date of this Order, or release Petitioner from custody under the same conditions that existed before his detention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within **three (3) days** of releasing Petitioner or providing him a bond hearing. **If applicable, that notice must include the result of the bond hearing**.

**IT IS FURTHER ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 31st day of August, 2026.

Honorable Susan M. Brnovich
United States District Judge